

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2007

# Koura v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5233

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Koura v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1493.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1493

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5233

———

FATHI IBRAHIM ALY KOURA,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES

Respondent

———

On Petition for Review of Final Decision of the
Board of Immigration Appeals
(BIA No.: A90-265-065)
Immigration Judge: Daniel Meisner

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and YOHN, *District Judge**

(Filed: March 13, 2007)

———

OPINION

———

*The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District
of Pennsylvania, sitting by designation.

YOHN, *District Judge*

Fathi Ibrahim Aly Koura petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming the denial by the immigration judge (IJ) of Koura's application for cancellation of removal. For the reasons that follow, we will dismiss Koura's petition for review.

**I.**

Koura, a native and citizen of Egypt, entered the United States lawfully, using a B-2 visitor visa, on September 18, 1985. He stayed in the United States longer than permitted, subjecting himself to deportation. Koura's two youngest children, Hajer Fathi Koura, age fifteen, and Belal Fathi Koura, age twelve, are U.S. citizens. Belal was born with a congenital heart defect and underwent cardiac surgery when he was one-year old; he is subject to periodic evaluations by a doctor and attends a special school.

After being placed in removal proceedings, Koura applied for cancellation of removal under § 240A(b) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229b(b). After hearing, the IJ found that Koura had failed to establish that his removal would work "an exceptional and extremely unusual hardship" on his qualifying family members, as per § 240A(b)(1)(D) of the INA, § 1229b(b)(1)(D), and, consequently, the IJ denied his petition for relief. Koura appealed the denial of the cancellation of removal to the BIA, arguing the IJ had erred in not finding that Koura's child, Belal, would suffer exceptional and unusual hardship if Koura were removed, and the IJ had erred and abused

2

his discretion by applying the wrong legal standard to Koura's case; the BIA affirmed and adopted the IJ's decision. Koura timely filed the instant petition for review arguing the BIA applied the wrong legal standard to his application and the IJ displayed a level of bias that amounted to a deprivation of due process.[1]

## II.

Koura argues that his removal proceedings were deficient because the BIA disregarded its own precedential decisions. In *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003), we held that "§ 1252(a)(2)(B)(i) strips us of jurisdiction to review certain discretionary decisions under the Immigration and Naturalization Act as enumerated by the statute," and specifically, "whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is such a discretionary judgment." *Id.* We also noted that this decision was consistent with other circuits that considered whether the hardship requirement was discretionary and thus unreviewable. *Id.* Therefore, because we cannot successfully determine whether the BIA's precedential decisions were correctly applied by the BIA or the IJ without analyzing the merits of the decision to deny Koura's request for cancellation, which is a discretionary judgment, we lack jurisdiction to entertain

---

[1]Koura also argues that this court should address whether Koura's failure to comply with the IJ's alternate order of voluntary departure constitutes an additional jurisdictional bar to the relief sought, an issue we noted previously in *Mendez-Reyes v. Att'y Gen. of the U.S.*, 428 F.3d 187, 109 n.2 (3d Cir. 2005). However, the respondent has not argued or intimated in any way that Koura is ineligible for cancellation of removal based on his noncompliance with the grant of voluntary departure, therefore, this issue is irrelevant.

Koura's argument.

**III.**

Koura argues that the IJ in this case displayed a bias toward Koura and his previous attorney that amounted to a deprivation of his sole opportunity for a hearing, in violation of his due process right under the Fifth Amendment. The REAL ID Act, by adding § 1252(a)(2)(D) to the INA, restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders. *Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir. 2005). However, "[a]s a general rule, an alien must exhaust all administrative remedies available to him as of right before the BIA as a prerequisite to raising a claim before us." *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005) (emphasis omitted) (citing 8 U.S.C. § 1252(d)(1) and *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005)). A petitioner is deemed to have exhausted his administrative remedies "so long as an immigration petitioner makes some effort, however insufficient, to place the [BIA] on notice of a straightforward issue being raised on appeal." *Yan Lan Wu*, 393 F.3d at 422 (citing *Bhiski v. Ashcroft*, 373 F.3d 363, 367-68 (3d Cir. 2004)). A claim of IJ bias is subject to administrative exhaustion requirements mandating that the issue be raised before the BIA. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 n.5 (3d Cir. 2003) (citing *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001)). In his appeal to the BIA, Koura did not put the BIA on notice of, or bring up any issues related to, the IJ's bias. Thus, because Koura's due process claim could have been

4

argued to the BIA, his failure to do so deprives this court of jurisdiction over the matter.

*See Bonhometre*, 414 F.3d at 448.[2]

## III.

For the foregoing reasons, we will deny Koura's petition for review.

---

[2]We also note that even if the court were to reach the merits of Koura's claim of IJ bias, it would fail because a review of the hearing transcript and decision does not reveal the appearance of bias or prejudice on the part of the IJ. The IJ did not display a demeanor remotely akin to the misconduct this court has been presented with in past cases where a due process claim was sustained. At no time was the IJ "search[ing] for ways to undermine and belittle petitioner's testimony," *Qun Wang v. Att'y Gen. of the U.S.*, 423 F.3d 260, 267 (3d Cir. 2005) (quoting *Zhang v. Gonzales*, 405 F.3d 150, 159 (3d Cir. 2005)), nor was he "crude," "cruel," "intimidating," "extraordinarily abusive, bullying [or] extremely insensitive," *id.* (quoting *Fiadjoe v. Att'y Gen. of the U.S.*, 411 F.3d 135, 144, 146, 154, 155 (3d Cir. 2005)).